## CALHOUN v. EYSENBACH.

No. 1887.   Opinion Filed June 25, 1912.

(124 Pac. 978.)

**BROKERS—Compensation—Legality of Contract.** A municipal ordinance providing that real estate brokers shall pay a license tax, and that it shall be unlawful for any person to engage in business without first obtaining the license, and that persons so engaged without the license shall be guilty of a misdemeanor, but which does not undertake to make the contract of a real estate broker void for failure to comply with the ordinance, does not prevent such broker from recovering a commission for services rendered without the license.

(Syllabus by Ames, C.)

*Error from Tulsa County Court;*
*N. J. Gubser, Judge.*

Action by Oscar K. Eysenbach against H. C. Calhoun to recover a commission for the sale of real estate. Judgment for plaintiff, and defendant brings error. Affirmed.

*Randolph & Haver,* for plaintiff in error.

*Davidson & Malloy,* for defendant in error.

Opinion by AMES, C. The only question involved in this case is whether an ordinance of the city of Tulsa requiring real estate brokers to pay a license tax, and providing that it shall be a misdemeanor to engage in the business without the payment of the tax, prevents a broker, who has not paid the license from recovering on a contract under which he has earned his commission. The issue is determined against the defendant by the case of *Hughes v. Snell,* 28 Okla. 828, 115 Pac. 1105, 34 L. R. A. (N. S.) 1133, and it is unnecessary to examine the numerous authorities cited in the able brief of the plaintiff in error,·as that case determines the issue in favor of the plaintiff.

We think the judgment of the trial court should be affirmed. By the Court: It is so ordered.