HEATH v. CHOWNING *et al.*

No. 3430.   Opinion Filed September 1, 1914.

(142 Pac. 1108.)

**BROKERS** — Action for Commission — Bad Faith — Question for Jury.
Plaintiffs sued defendant to recover the sum of $125 as commission upon the sale of real estate belonging to defendant. The cause was tried to a jury and a verdict rendered in favor of plaintiffs. The only defense interposed was that plaintiffs were interested in the consideration entering into the transaction, which fact was concealed from defendant, and that plaintiffs thereby acted in bad faith and forfeited their right to a commission. The court, in substance, charged the jury that if plaintiffs were interested in the consideration of said transaction, and if such interest in any way conflicted with the rights of the defendant, a verdict should be returned for defendant. **Held,** that this issue, under the evidence and instructions of the court, was fairly submitted to the jury, and its verdict is conclusive upon this court.

(Syllabus by the Court.)

*Error from County Court, Alfalfa County;*
*F. M. Gustin, Judge.*

Action by J. H. Chowning and another, partners, against J. M. Heath. Judgment for plaintiffs, and defendant brings error. Affirmed.

*Talbot & Owen,* for plaintiff in error.

*Titus & Carpenter,* for defendants in error.

RIDDLE, J.   Plaintiff in error will be denominated the defendant, and the defendants in error, the plaintiffs. Plaintiffs filed suit in a justice of the peace court of Cherokee county against defendant to recover the sum of $125 as commission for the sale of a certain tract of land belonging to defendant. In the justice court the jury rendered a verdict in favor of plaintiffs for $10. An appeal was prosecuted to the county court. Whereupon plaintiffs amended their bill of particulars, and in substance alleged that plaintiffs were real estate brokers and agents; that they made an agreement with defendant to sell his farm, whereby he was to pay them five per cent. commission for the first $1,000,

and two and one-half per cent. commission upon the balance of
the purchase price, provided said farm could be sold for $4,500
on a cash basis, or $5,000 in property, satisfactory to defendant;
that plaintiffs found a purchaser, whereby defendant conveyed
his farm to one Tichenor for the consideration of certain property
and cash, valued at $5,000; that the sale was satisfactory to both
parties. Plaintiffs prayed judgment for $125. Plaintiffs also de-
clared on a second cause of action, which is not necessary to set
out. Defendant filed his answer, consisting of a general denial.
Upon the issue thus made, the cause proceeded to trial to a jury,
resulting in a verdict in favor of plaintiffs. The evidence on the
part of plaintiffs sustains their bill of particulars and tends to
show that the sale was consummated as agreed, and that plaintiffs
performed in good faith all the conditions agreed to be per-
formed by them, entitling them to the commission agreed to be
paid. At the close of plaintiffs' evidence, defendant demurred
thereto, which demurrer was overruled and exceptions taken.
When both parties rested, defendant moved for a directed ver-
dict, which motion was overruled and exceptions taken.

It is the theory of defendant that the evidence shows that
the plaintiffs were personally interested in the transaction to an
extent that certain property belonging to them entered into said
sale as part of the consideration for the conveyance of said farm;
hence defendant contends that the plaintiffs acted in bad faith,
and thereby forfeited their right to the commission agreed to be
paid. No complaint is made of the charge of the court sub-
mitted to the jury. Upon this point, the court charged the jury
as follows:

"No. 10. You are instructed that a real estate agent, act-
ing for both parties, can recover compensation from neither.

"No. 11. You are further instructed that if you find from
the evidence that the plaintiffs in any way were interested in
the consideration of the transaction involved, to an extent that
their interests came in conflict with the interests of the defend-
ant in the transaction, then you should find for the defendant."

While it is undoubtedly the law, as contended by defendant,
if a real estate broker secretly becomes interested in the considera-
tion of the sale of his principal's property in a way that any ad-

vantage is taken of his principal, and such interest is concealed from his principal, and said broker acts in bad faith, under the law he forfeits his right to any commission by reason of the transaction. *Plotner v. Chillson,* 21 Okla. 224, 95 Pac. 775, 129 Am. St. Rep. 776. Under the facts and circumstances in this case, however, this was a question of fact, to be submitted to the jury. This issue was made and submitted to the jury under a fair statement of the law. The court specifically charged the jury that if the plaintiffs were acting for both parties, they could recover a commission from neither. We take it that the court meant in this declaration of the law, if the brokers were acting in bad faith for both parties, that they would not be entitled to any commission from either party. Certainly there would be nothing wrong or illegal in a broker acting for both parties in the sale of real estate, provided all parties to the transaction had knowledge of such facts and each party had agreed to pay part of the commission. The court further charged the jury that if the plaintiffs were in any way interested in the consideration of the transaction involved to an extent that their interests came in conflict with the interests of defendant in the transaction, then it was their duty to find for the defendant. As we have said, we think this fairly submitted the issues to the jury. The jury has found in favor of plaintiffs, and such finding is conclusive on this court. This is the only question raised, and upon the whole record we find no prejudicial error.

The judgment of the trial court is therefore affirmed.

All the Justices concur.