## CAMPBELL v. THOMAS *et al.*

No. 6843. Opinion Filed March 28, 1916.

(156 Pac. 647.)

1.  **TRIAL—Taking Case From Jury—Direction of Verdict.** Where the evidence is not such that all reasonable men would come to the same conclusion about what the facts prove, it is error for the court to direct a verdict.

2.  **BROKERS—Actions for Compensation—Direction of Verdict.** T. and G., real estate brokers, made a verbal contract with C. for the exchange of C.'s lands for lands of P., and P. and C. entered into written contract of exchange. The question as to the condition of the agreement between the principal and the brokers was controverted, both in the pleadings and in the testimony. **Held,** the issue was for the jury to determine, and the court committed error in directing a verdict for the plaintiffs.

3.  **BROKERS—Compensation—Necessity for License.** Defendant pleaded the ordinance of the town of Fairview as a bar to plaintiffs' right of recovery for the reason they had not paid the license fee and secured a license as brokers. Upon the objection of the plaintiffs, the court excluded the ordinance as evidence. **Held,** that the primary purpose of the ordinance was to raise revenue. Hence it constituted no defense to plaintiffs' cause of action, and the court committed no error in excluding same.

(Syllabus by Linn, C.)

*Error from County Court, Major County;*

*F. W. Madison, Judge.*

Action by D. R. Thomas and another against Joe Campbell. Judgment for plaintiffs, and defendant brings error. Reversed, with directions.

*O. M. Evans* and *A. C. Beeman,* for plaintiff in error.

*Brady & Willis,* for defendants in error.

Opinion by LINN, C. Defendants in error, real estate brokers in the town of Fairview, Okla., constituting a copartnership, instituted suit in the county court of Major county, the purpose of which was to recover a com-

mission under a verbal contract with the plaintiff in error for the sale or exchange of certain real estate situated in said county. In substance it was alleged in the petition that plaintiffs undertook to procure a person to purchase or trade for certain real estate described upon terms satisfactory to the defendant, and that the defendant on his part agreed to pay plaintiffs the sum of $250 for their services; that plaintiffs procured one James Pfeiffer, who entered into a contract with the said defendant on terms satisfactory to said parties. A copy of the contract entered into between the landowners was attached to the petition and made a part thereof. The real estate contract contained, among others, the following provision:

"Each party hereto agrees to furnish the other abstract of title to said lands, showing the same to be free and clear of all incumbrances of whatever kind and nature, except those mentioned above."

The incumbrance mentioned was a $1,200 mortgage, which was to be assumed by the plaintiff in error. Defendant filed his answer, denying generally the allegations of the petition, and averring that by reason of the fact that plaintiffs had not paid their occupation tax, they were not warranted in engaging in the real estate business, and not entitled to commission. He admitted that he employed the plaintiffs for the sale or exchange of the lands involved, and agreed to pay a commission of $250, provided said plaintiffs effected and consummated a sale or exchange of said described property. He denied that they ever consummated any sale or exchange of said property. He specifically alleged that plaintiffs were to find a party who would exchange lands with defendant and would furnish abstracts showing an absolute merchantable title, free of all incumbrances or defects, satisfactory to the defend-

ant; that upon this condition only were the plaintiffs to receive said commission. He admits entering into the contract of exchange with Pfeiffer as alleged, but denies that Pfeiffer furnished abstract showing clear and merchantable title. He prays judgment of the court. To this answer plaintiffs file a reply, controverting all of the affirmative allegations in the answer. The cause came on regularly for hearing to a jury, and after both parties had rested, upon motion of the plaintiffs, the court instructed the jury to return a verdict for the amount sued for, which verdict was returned into court, and judgment entered thereon. Motion for a new trial was filed, alleging, among other things:

(7) Error of law occurring at the trial, excepted to by the defendant.

(9) Error of the court in sustaining the motion of the plaintiffs for a directed verdict.

(10) Error of the court in directing the jury to bring in a verdict in favor of the plaintiffs and against the defendant.

Which motion was overruled; exceptions saved.

Petition in error has been filed in this court with case-made attached, in which petition, among other things, was alleged:

(2) Error of the court in refusing to introduce in evidence Ordinance No. 47 of the town of Fairview, the same being an occupation ordinance.

(5) The court erred in sustaining the motion of the defendants in error for a directed verdict.

(6) The court erred in instructing the jury to find in favor of the plaintiffs.

Campbell v. Thomas et al.

(7) Error of the court in rendering judgment upon the verdict of the jury.

It is the contention of the defendant that, under the express provision of the verbal contract which he made with the plaintiffs, the commission was payable only upon the condition that the real estate brokers should find a party who had real estate in Missouri to exchange for his property which was satisfactory to him, and that the said brokers agreed that the lands offered for exchange should have a clear, merchantable title, and unless such was the case, they would receive no commission. He further contends that the evidence shows that the land offered in exchange did not have a clear, merchantable title which was satisfactory to the plaintiff in error, that by reason thereof a sale was not consummated, and that plaintiffs were not entitled to recover. This being a controverted question, the court committed error in depriving the defendant of the right to have the jury pass upon this issue of fact. On the other hand, the plaintiffs contend that under their employment, they were only to furnish a party who had property to exchange with the defendant which was satisfactory to the said defendant, that they did find such a party, and that said defendant entered into a written and valid contract for the exchange of such property with the party whom they furnished. Hence they did all they agreed to do, and had earned their commission and were entitled to recover the same. They further contend, however, that the title to the property owned by Pfeiffer, the man whom they induced to enter into the contract for an exchange of property with the defendant, was a clear, merchantable title, and free from any defects which would render the title unmerchantable, and that the defendant,

in bad faith and for the purpose of avoiding the consummation of such exchange, made objections to the title as a mere pretense, without any foundation therefor. The testimony on the part of the defendant tends to sustain the defenses set up in his answer. He also testifies positively that in the exchange he was to be paid $2,000 cash and that when the time came to finally consummate the deal said Pfeiffer and the plaintiffs only tendered him $1,400, and attempted to induce him to accept $1,400 cash instead of $2,000. His attorney also testified, in effect, that the title to the property was not free from defects, and, in his opinion was not a merchantable title. The rule has been announced by this court, and adhered to many times, to the effect that unless the testimony was such that all reasonable men would come to the same conclusion, then it became a question for the jury to determine, and it was error for the court to sustain a demurrer to the evidence, or to direct a verdict for either party.

The question arises, Was the testimony such in this case that all reasonable men would come to the same conclusion upon the facts? We are clearly of the opinion that the facts of this case do not bring it within the stated rule; quoting from 19 Cyc. p. 240, under the head of Factors and Brokers, the rule is stated:

"A broker is not entitled to compensation until he has performed the undertaking assumed by him. The right to compensation depends upon the performance of the stipulations and conditions of the contract of agency."

Defendant testifies positively that the brokers in this case specifically agreed to furnish a party with land the title to which would be clear and free of all incumbrances, or, in other words, the effect of his testimony would be

that it should be a merchantable title, while the agreement as testified to by him is controverted by the plaintiffs. Counsel for the plaintiffs contend, however, that when the plaintiffs, as brokers, furnish a purchaser or a party with lands to exchange, and a valid contract is entered into between the customer and the principal, which contract is satisfactory to the parties, then the broker is entitled to his commission. This undoubtedly is the general rule unless there is something in the agreement employing the broker which would take the contract out of the general rule. In 19 Cyc. p. 270, this rule is stated in the following language:

"If the principal and the customer found by the broker enter into a valid contract and the broker acts in good faith, the broker is not deprived of his right to commission by the fact the customer fails to carry out the contract. However, the principal may avoid this rule by embodying a stipulation to the contrary in the contract of employment."

And in this case the defendant testifies positively that the employment contract contained a condition which would take the case out of the general rule; and, if his testimony is true, it would undoubtedly do so.

But counsel for plaintiffs say that, even conceding the contract was made as testified to by the defendant, a merchantable title to the property of the customer was furnished, and that the defendant, acting in bad faith, found objections to the title without any real foundation, and only for the purpose of giving him grounds to refuse to consummate the sale. But the difficulty with this contention is that the question of bad faith is to be determined by the jury. *Heath v. Chowning et al.*, 43 Okla. 274, 142 Pac. 1108. It is, no doubt, the law that if objections are

found to the title, not in good faith, but in bad faith, and for the purpose of finding one's way out of an unsatisfactory deal, such would not deprive the brokers of their commission, but the question of bad faith, being a question of fact, is a question that must be determined by the jury, unless waived by the parties. We are of the opinion that the court committed prejudicial error in sustaining the motion for a directed verdict and then directing a verdict for the defendants in error.

The point is made that the court committed error in excluding the town ordinance providing for the payment of a license tax. We have examined the ordinance in the record, and are clearly of the opinion that the primary purpose of the ordinance was to raise revenue. That the payment by a real estate broker of a license fee provided for under such an ordinance as the one in the record is not a prerequisite to the making of a valid agreement for the sale of real estate and the collection by the broker of his commission, is too well settled to admit of debate. *Hughes v. Snell*, 28 Okla. 828, 115 Pac. 1105, 34 L. R. A. (N. S.) 1133, Ann. Cas. 1912D, 374; *Calhoun v. Eysenbach*, 34 Okla. 185, 124 Pac. 978. The court, therefore, did not err in excluding the ordinance.

The court committed prejudicial error in directing a verdict for the plaintiffs, requiring a reversal of this case. The case is therefore reversed, with directions to the trial court to set aside the verdict and judgment rendered thereon, and to proceed in said matter not inconsistently with this opinion.

By the Court: It is so ordered.