**CAMPBELL v. THOMAS-GODFREY LAND & LOAN CO.**

No. 10092—Opinion Filed April 12, 1921.

(Syllabus.)

**1. Brokers—Compensation—Procuring Purchaser.**

Where a broker is employed to procure a purchaser for property, and presents to his principal a purchaser, it is for the principal then to decide whether the person presented is acceptable; and if, without any fraud, concealment, or other improper practice on the part of the broker, the principal accepts the person presented, and enters into an enforce-

able contract with him, the broker is entitled to compensation for his services, although the sale is not consummated by reason of the fault of one of the parties.

## 2. Trial — Instructions — Submission of Opposing Theories.

In the case tried to the jury, it is the duty of the court to submit by appropriate instruction the theory of the plaintiff where there is evidence reasonably tending to support the same, and likewise to submit by appropriate instruction the theory of the defendants where there is evidence reasonably tending to support the same.

Error from County Court, Major County; Harry Randall, Judge.

Action by D. R. Thomas and J. Nile Godfrey, partners, composing the firm of Thomas-Godfrey Land & Loan Company, against Joe Campbell to recover real estate broker's commission. Judgment for plaintiffs, and defendant brings error. Affirmed.

See, also, 56 Okla. 779, 156 Pac. 647.

Seymour Foose, R. C. Brown, and Frank L. Wells, for plaintiff in error.

John V. Roberts and Tom E. Willis, for defendant in error.

McNEILL, J. This action was commenced in the county court of Major county by D. R. Thomas and J. Nile Godfrey, copartners doing business under the firm name and style of Thomas-Godfrey Land & Loan Company, against Joe Campbell to recover $250 commission for services as real estate brokers.

The petition alleged the employment of the plaintiffs by the defendant to secure a purchaser to purchase or trade for the lands of the defendant, and an agreement to pay plaintiffs a commission of $250 for said services, and that plaintiffs had complied with the terms of the contract of employment by procuring a purchaser, to wit, Jas. Pfeiffer, who entered into a written contract with the defendant for exchange of the land, a copy of said contract being attached to plaintiffs' petition. The defendant answered, admitting the employment of the plaintiffs to negotiate and consummate a sale or trade of his land, and his agreeing to pay a commission of $250 therefor when said sale was consummated and averred that no sale or trade was ever consummated, although he admitted entering into the written contract with Pfeiffer to exchange property, but alleged that the land of Pfeiffer was not free and clear from incumbrance, and alleged a breach of the terms of the written contract by Pfeiffer. Plaintiffs replied, pleading that Pfeiffer had complied with all the terms of the agreement, and tendered a full compliance of the contract, but that defendant refused to carry out the terms of the written contract.

On the trial of the case to the jury, the jury returned a verdict in favor of plaintiffs and against the defendant. This is the second time the case has been before this court on appeal; the former appeal being reported as Campbell v. Thomas et al., 56 Okla. 779, 156 Pac. 647. On the former appeal, this court reversed the case for the reason the trial court instructed the jury to return a verdict for the plaintiffs. For reversal of the case, the defendant alleges numerous assignments of error. It is first argued that the court gave instruction No. 10, which was a correct instruction of the law applicable to the case. In this instruction the court instructed the jury that the owner of property has a right to stipulate that he will not become obligated to pay a commission except or unless a sale be finally consummated.

The plaintiff in error then assigns as error the giving of instructions Nos. 12 and 19, contending that said instructions are in conflict with instruction No. 10, and incorrectly state the law applicable to the case at bar. Instructions Nos. 12 and 19 were very similar, and instruction 19 was a statement of the law as announced by this court in the second paragraph of the syllabus in Scully v. Williamson, 26 Okla. 19, 108 Pac. 395. This statement of the law has also been approved by this court in the case of Hopkins v. Settles, 46 Okla. 801, 149 Pac. 890; Lowenstein v. Holmes, 40 Okla. 33, 135 Pac. 727; McCartney v. Shores, 77 Okla. 273, 188 Pac. 663.

It was necessary for the court to instruct the jury upon the law applicable to plaintiffs' theory of the case, and in accordance with the terms of the contract as testified to by them, and also upon the theory of the defendant, and in accordance with the terms of the contract as contended by him. The plaintiffs' theory of the case was submitted to the jury in instructions 12 and 19. The defendant's theory was submitted to the jury under instructions 10 and 18, following the law announced by this court in the case of Scully v. Williamson, supra, Hopkins v. Settles, supra, and McCartney v. Shores, supra. These instructions are not contradictory nor conflicting, but, on the contrary, submit the case to the jury upon the respective theories of the parties.

Instructions Nos. 14, 15, 16 and 17 are complained of, but no authorities are presented to support the contention that they or either of them are erroneous. The instructions as a whole properly submitted the issues and question of fact to the jury, and

there was ample evidence to support the verdict.

There being no prejudicial error apparent in the record, the judgment of the court is affirmed.

HARRISON, C. J., and PITCHFORD, ELTING, and NICHOLSON, JJ., concur.