**NONNAMAKER v. KAY COUNTY GAS CO.**

No. 16654—Opinion Filed May 11, 1926.

Rehearing Denied Feb. 22. 1927.

1. **Gas—Duty of Distributing Company to Cut Off Gas When Notified of Gas Escaping in Building.**

A gas company, which supplies gas to a

house through its pipe lines and has control of the apparatus for cutting off the gas, when notified that gas is escaping into the building, owes the duty to the owner of the building to exercise reasonable diligence to cut off the gas from the building. It is immaterial that the gas may be escaping from the pipes of the owner or occupant of the building.

**2. Trial—Duty to Submit to Jury All Issues.**

It is the duty of the court to submit all material issues of fact to the jury, under proper instructions, involved either in the right of plaintiff's recovery or in the defenses thereto.

**3. Gas—Negligence of Distributing Company Causing Explosion—Right to Damages.**

Record examined, held, to be insufficient to support judgment in favor of the defendant.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Kay County; Claude Duval, Judge.

Action by Franklin C. Nonnamaker against the Kay County Gas Company for damages on account of injury to a building resulting from a gas explosion. Judgment for defendant, and plaintiff brings error. Reversed.

David L. Carter and Sullivan & Sullivan, for plaintiff in error.

W. K. Moore, C. W. King, and H. E. Oaks, for defendant in error.

Opinion by STEPHENSON, C. A gas explosion destroyed a building situated in Ponca City, owned by Franklin C. Nonnamaker. The owner commenced his action against the Kay County Gas Company for damages for the destruction of the building. The trial of the cause resulted in a judgment for the defendant. The plaintiff has appealed the cause here for review.

The negligence charged in his petition to support recovery against the defendant is in substance: That the defendant negligently made changes in its pipe line in an alley by the building of the plaintiff; that the negligent manner in which the changes were made resulted in gas wrongfully and improperly escaping from defendant's pipe line into the building of the plaintiff; that the gas became ignited and resulted in an explosion which totally destroyed the building.

The evidence discloses that the defendant made changes in its pipe line and repairs thereto, along by the plaintiff's building, about two days before the explosion occur-

red. The evidence of the plaintiff did not show in what manner the changes were made. The record does not show whether the gas escaped from the pipe line of the defendant or the pipes and fittings of the owner. The testimony of the plaintiff further showed that gas had not been observed in the building until the defendant made the changes in its pipe line. The explosion occurred in the building about 12:30 a. m. Some of the witnesses testified that the flooring downstairs was thrown up to an angle of about 45 degrees by the explosion of the escaping gas. The plaintiff did not offer proof in support of the allegations of negligence contained in his petition.

A tenant of the building testified in the trial of the cause, that he discovered the presence of gas in the building after the defendant commenced making changes in the pipe line; that he notified the defendant's foreman in charge of the work, that gas was escaping, either from defendant's line or the pipes and fittings in the building. The foreman in charge of the work denied the testimony of the witness in this respect. The petition of plaintiff did not charge the defendant with negligence in its failure to exercise reasonable care and prudence in cutting off the gas after receiving notice that gas was escaping into the building. The effect of the admission of the evidence, without objection on the part of the defendant, was to establish the plaintiff's right to have this question of fact submitted to the jury, as a ground of negligence for his recovery.

In the case of Memphis Consolidated Gas Co. v. Creighton, 183 Fed. 552, it was said:

"A gas company, which through its pipes supplies gas to a house and has control of the apparatus for cutting off, when notified that gas is escaping in the house, and informed of injury and danger to the inmates therefrom, owes a duty to the occupants of the house to exercise reasonable diligence in shutting off the gas therefrom, and it is immaterial that the pipes where the leak occurred were owned by the owner of the house."

It is the duty of a gas company, when it receives notice from one of its consumers that gas is escaping into the building, to exercise reasonable diligence to cut off the gas. It is the duty of the gas company to cause the gas to remain shut off, until proper repairs are made in the pipes and fittings by the owner, or the gas company, if it be the duty of the latter to do so.

It was said in the case of Dowler v. Citizens Gas Co., 71 W. Va. 417, 76 S. E. 845:

"If the gas company is notified of a leak

in its main which is likely to cause injury, and fails to repair it in a reasonable time thereafter, and injury results therefrom, it is liable."

A similar question was considered in the case of Sipple v. Laclede Gaslight Co. (Mo. App.) 102 S. W. 608, wherein the court said:

"Where, in an action against a gas company for causing the death of one by asphyxiation, resulting from gas escaping from a street main, the petition charged the defendant with negligently permitting its main to become defective, and also alleged that defendant knew, or by ordinary care might have known, of the defective condition of the main, and the proof showed that the defendant did have knowledge of such defective condition, an instruction permitting a recovery for defendant's negligent omission to prevent the escape of gas, after knowing of the leak, was properly predicated on both the petition and proof."

Other cases to the same effect are Oklahoma Gas & Elec. Co. v. Okla. Ry. Co., 77 Okla. 290, 188 Pac. 331; Luengene v. Consumers Power Co. (Kan.) 122 Pac. 1032; Memphis Con. Gas Co. v. Creighton, 183 Fed. 552; Swayzee v. City of Au usta (Kan.) 216 Pac. 265; Castner v. Takoma Gas & Fuel Co. (Wash.) 212 Pac. 283; Willard v. Valley Gas & Fuel Co. (Cal.) 182 Pac. 32.

The plaintiff requested the court to instruct the jury on the law in relation to the duty of the defendant, after receiving notice that gas was escaping into the building. The court refused to instruct the jury on the liability of the defendant in this respect, if it should find the issue of fact as to notice in favor of the plaintiff. The plaintiff was entitled to have this question of fact go to the jury under proper instructions, although not alleged as a ground of negligence, as evidence of the giving of the notice was received in the trial of the cause without objection by the defendant. The evidence introduced by the plaintiff in relation to giving the notice was the only proof of negligence made by the plaintiff in the trial.

It was said by this court in the case of Republic Nat. Bank v. First State Bank, 110 Okla. 299, 237 Pac. 578:

"It is the duty of the court to submit to the jury, and give instructions thereon, any issue, theory, or defense which the evidence tends to support. This right is not affected by the fact that there is countervailing testimony. Klein v. Muhlbausen, 83 Okla. 21, 200 Pac. 436; Campbell v. Thomas Godfrey Land & Loan Co., 81 Okla. 201, 197 Pac. 452; Bristow v. Central State Bank, 68 Okla. 195, 173 Pac. 221; Mountcastle v. Miller, 66

Okla. 40, 166 Pac. 1057; Menton v. Richards, 54 Okla. 418, 153 Pac. 1177; and numerous other cases decided by this court."

The cause is reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 28 C. J. p. 594 §58; 12 R. C. L p. 968; 2 R. C. L. Supp. p. 1509; 5 R. C. L. Supp. p. 659. (2) 38 Cyc. p. 1626. (3) 28 C. J. p. 602 §71.