## DANCIGER OIL & REFINING CO. v. BURROUGHS et al.

No. 24077.    Feb. 4, 1936.

Rehearing Denied Feb. 18, 1936.

Application for Leave to File Second Petition for Rehearing Denied March 3, 1936.

Scott P. Squyres, Owen & Looney, and Paul N. Lindsey, for plaintiff in error.

William L. McCann, for defendants in error.

PER CURIAM. This case involves the question of whether or not an oral contract entered into between the defendants in error, on the one hand, and plaintiff in error, on the other hand, constituted an unqualified employment to obtain a certain oil and gas mining lease, or whether such employment was qualified and conditional. Other points were raised by plaintiff in error, but we do not consider them of sufficient importance to discuss.

We shall refer to the parties as they appeared in the trial court, that is, plaintiff in error as defendant and defendants in error as plaintiffs.

Defendant is a corporation engaged in producing oil. Plaintiffs are lease brokers. They contend: That they had been employed orally by the defendant to obtain a community oil and gas lease covering block 86 in Shield's South Oklahoma City addition

to Oklahoma City, and a narrow strip of land adjoining the block on the east and a part of the addition; that the defendant agreed to pay the lot owners $450 per lot for the lease and the plaintiffs $100 per lot for obtaining it; and that plaintiffs obtained the lease, but defendant refused to accept it and refused to pay them their commission.

Defendant admits that plaintiffs were employed to obtain and did obtain the lease, but contends that the agreement was that plaintiffs were to be paid only in the event that defendant would be able to drill a well on the property, meaning by that its ability to comply with drilling ordinances of Oklahoma City and its ability to effect a satisfactory drilling arrangement with the Oklahoma City school board, owner of an adjoining block, and the ascertainment of the drilling rights, if any, of the Santa Fe Railroad, owners of a railway right of way easement on land adjoining the above strip.

These respective contentions were submitted to the jury on clear, concise, and correct instructions, and the jury returned a verdict for the plaintiffs in the sum of $2,750, upon which judgment was rendered.

What the provisions of the contract of employment were was a question of fact for the jury. Culbertson v. Mann, 30 Okla. 249, 120 P. 918; Campbell v. Thomas et al., 56 Okla. 779, 156 P. 647.

This being a law action, and there being a dispute as to what the provisions of the oral contract of employment were, and the jury having found the provisions to be as contended by plaintiffs, and there being competent evidence reasonably supporting the verdict, and no prejudicial errors of law shown, this court will not invade the province of the jury and will not disturb its verdict. Freed Furniture Co. v. Criterion Advertisement Co., 171 Okla. 92, 42 P. (2d) 123; Thompson v. Burnett, 167 Okla. 62, 27 P. (2d) 1053.

The judgment of the trial court is affirmed.

Plaintiffs in their brief move for judgment upon the supersedeas bond posted by the defendant, a copy of which is shown in the case-made. Judgment is rendered against the United States Fidelity & Guaranty Company, surety on the bond, for the amount of the judgment, $2,750, with interest and costs.

The Supreme Court acknowledges the aid of Attorneys H. R. Williams, R. H. Wills, and A. E. Montgomery in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Williams, and approved by Mr. Wills and Mr. Montgomery, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS. WELCH, CORN, and GIBSON, JJ., concur.