**J. D. BRISCOE, Appellant,**

v.

**OKLAHOMA NATURAL GAS COMPANY, Appellee.**

**No. 44109.**

Supreme Court of Oklahoma.

March 13, 1973.

Rehearing Denied April 24, 1973.

John Chiaf and Bill Murphy, Chiaf, Romano & Murphy, Oklahoma City, for appellant.

B. J. Cooper, Rinehart, Cooper & Stewart, Oklahoma City, for appellee.

IRWIN, Justice:

Appellant, J. D. Briscoe (plaintiff), commenced proceedings against appellee, Oklahoma Natural Gas Company (ONG) to recover damages for personal injuries he sustained as a result of an explosion of escaping gas. ONG was furnishing the gas to a residence owned by the Moores. Plaintiff, a licensed plumber, had gone to the Moore home "to check for a gas odor, a gas leak", and was trying to find the leak when the explosion occurred. Plaintiff was the employee of a plumbing contractor and the Moores had called the plumbing contractor to find and repair the leak. Plaintiff was performing the services of an independent contractor at the time of the accident.

The cause was submitted to a jury and it returned a verdict in favor of ONG. Judgment was rendered accordingly and plaintiff appealed.

On assignment to the Court of Appeals, that Court reversed the judgment of the trial court and remanded the cause for a new trial. ONG filed its Petition for Certiorari in this Court.

The record discloses the following facts: Mrs. Moore testified that the odor of gas had been present in her home for approximately six months, and she had notified ONG about the odor on two different occasions and that on both occasions ONG searched for leaks but could not find any. Mrs. Moore advised plaintiff's employer that ONG had made an inspection but couldn't find a leak. She said the last inspection was made by ONG approximately two weeks before the explosion.

Plaintiff testified that he had gone to the Moores' home pursuant to his employer's request and direction for the purpose of locating a leak, if one existed, and repairing it. Plaintiff said he went to the basement and he smelled a gas odor when he entered the basement. In response to a question concerning the procedure that is recommended by all licensed plumbers and regulatory boards with reference to how to check for a leak, plaintiff said: "with soap and water". He was painting the gas line leading to the meter with soap and water when the explosion occurred.

Plaintiff's employer testified that the Moores had called him about the gas odor

and he sent plaintiff to try to find the leak; and that he had been advised that ONG had been at the Moores' home twice. This witness testified concerning the procedure in painting a gas line with soap and water to find a leak. He also testified that a pressure gauge is sometimes used to find leaks and the plaintiff had a pressure gauge, but a pressure test is made after the gas is turned off. He said you can not put a pressure test on a gas line unless the gas is turned off because "you would just be blowing it back into the gas main". This witness inspected the Moores' premises after the explosion and said there was a furnace burning in the basement and it had not been turned off.

We will first consider plaintiff's contention that the trial court erred in refusing to give an instruction on the doctrine of res ipsa loquitur; and erred in instructing on contributory negligence and the assumption of risk. In this connection, the Court of Appeals resolved these three issues in favor of ONG.

In considering the trial court's refusal to give an instruction on res ipsa loquitur, we find that in J. C. Penney v. Forrest, 183 Okl. 106, 80 P.2d 640, we held that the doctrine "res ipsa loquitur" means that whenever a thing which produced the injury is shown to have been under the management and control of the defendant, and the occurrence is such as in the ordinary course of events does not happen if due care has been used, the fact of the happening of the accident creates the presumption that the accident and injury resulted from the negligence of defendant.

■ Before the doctrine of res ispa loquitur may be invoked to justify the inference of negligence on the part of the defendant, the plaintiff must prove what caused the damage, and that the "thing" causing said damage was under the control and management of the defendant or his servants, since the doctrine does not go to the extent of implying that one may, from the mere fact of the injury, infer what physical acts produced the injury. Smith v. Vanier, Okl., 307 P.2d 539.

■ Plaintiff's argument that the "thing" which caused the injury was under the control and management of ONG cannot be sustained. The service line where the explosion occurred was neither installed nor maintained by ONG. Although ONG could control the flow of gas and could have turned off the gas supply the defective service line where the explosion occurred belonged to the Moores and it was under their management and control. The record will not support an instruction on the doctrine of res ipsa loquitur and the trial court did not err in refusing to instruct the jury on such doctrine.

■ We will consider together plaintiff's contentions that the trial court erred in instructing the jury on contributory negligence and the assumption of risk.

In Bagley v. Blue Flame Propane Company, Okl., 418 P.2d 333, we held that where contributory negligence is properly plead and there is evidence tending to prove it in any degree, it is the duty of the trial court to submit it as a question of fact for the jury to determine.

In Beatty v. Dixon, Okl., 408 P.2d 339, we held that an invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no legal duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is it liable for injury to an invitee resulting from a danger which was obvious and should have been observed in the exercise of ordinary care.

Although plaintiff was not the invitee of ONG and was not upon the premises of ONG when the explosion occurred, this does not necessarily preclude ONG's defense of assumption of risk. In Davis v. Whitsett, Okl., 435 P.2d 592, we said:

"The doctrine of 'assumption of risk', at least as applied in negligence cases not involving the relationship of master and servant, is based upon the maxim 'volenti non fit injuria', so that, in such

cases, its application must be strictly limited to the terms of that maxim. Landrum v. Roddy, 143 Neb. 934, 12 N.W.2d 82, 149 A.L.R. 1041. In that case (which involved an injury to an invitee passenger in an automobile driven by the defendant), the Nebraska court held, in the sixth paragraph of its syllabus:

" 'The maxim "volenti non fit injuria" means: If one, knowing and comprehending the danger, voluntarily exposes himself to it, though not negligent in so doing, he is deemed to have assumed the risk and is precluded from a recovery for an injury resulting therefrom. The maxim is predicated upon the theory of knowledge and appreciation of the danger and voluntary assent thereto.'

"The maxim is not mentioned in the opinion, but the same principle is expressed by this court in the fifth paragraph of its syllabus to S. H. Kress & Co. v. Maddox, 201 Okl. 190, 203 P.2d 706 (which case involved an injury to an invitee in a store):

" 'Knowledge of the danger is an essential of the defense of assumption of risk, and the doctrine does not apply unless the one alleged to have assumed the risk can be found to have known or to have been charged with knowledge of the danger.' "

 In the case at bar, plaintiff, an experienced plumber, went to the Moores' home for the specific purpose of locating the leak and repairing it. Plaintiff smelled gas upon entering the basement and knew the gas had not been turned off or it would have been necessary for him to put pressure on the gas line with his pressure gauge to find the leak. Plaintiff noticed the blackened soil covering the gas pipe which he testified "indicates a gas leak". He was painting the pipe with soap and water when the accident occurred. A furnace was burning in the basement. Plaintiff's testimony that he had never known of an explosion resulting from painting soap and water on a leaky pipe does not negate his knowledge and appreciation of the danger involved.

There is evidence in the record that would support the instruction on contributory negligence and on the assumption of risk. We find no error in the trial court's instructions to the jury on contributory negligence and assumption of risk.

 Plaintiff also contends that the uncontroverted evidence discloses that ONG had notice of the gas leak prior to the explosion and failed to cut off the gas. Under these circumstances plaintiff argues that the trial court erred in refusing to instruct the jury on ONG's duty to shut off the gas after it had notice of the leak.

On consideration of this contention, the Court of Appeals reversed the judgment of the trial court on the theory that "if a gas company has notice of a defect or leak, it owes a duty to inspect and either to repair or to cut off the gas until the customer can repair the defect." The Court of Appeals said "The trial court gave no instruction that a gas company with notice of a defect or leak has a duty to discontinue furnishing gas to shut off the supply" ; that "An instruction that the company (ONG) owes a 'high degree of care' is not sufficient to cover a specific duty 'to shut off' the gas upon notice of a defect, * * *" ; and that "the trial court's failure to instruct upon the specific duty imposed upon defendant (ONG) * * * denied plaintiff a substantial right and warrants reversal for a new trial."

The principal cases relied upon by plaintiff to sustain his contention that it was reversible error not to give the instruction under consideration are Nonnamaker v. Kay County Gas Co., 123 Okl. 274, 253 P. 296; and Oklahoma Natural Gas Co. v. Appel, Okl., 266 P.2d 442. In both cases this Court held:

"A gas company, which supplies gas to a house through its pipe lines, and has control of the apparatus for cutting off the gas, when notified that gas is escaping into the building, owes the duty to

the owner of the building to exercise reasonable diligence to cut off the gas from the building."

In Nonnamaker, a building was damaged by the explosion of escaping gas. Two days before the explosion occurred, defendant gas company had made changes in its pipe lines near plaintiff's building. One of the plaintiff's witnesses, a tenant in the building, testified that he had discovered the presence of the escaping gas in the building after defendant had made the changes and notified defendant's foreman that gas was escaping. The foreman denied he had been notified. The plaintiff requested the court to instruct concerning the duty the gas company had after receiving notice of the escaping gas but the court refused to give the instruction. We reversed the judgment of the trial court on the theory that the issue concerning whether the gas company did or did not have notice of the escaping gas was a question for the jury to determine; and that if the jury resolved the issue of notice in favor of plaintiff, plaintiff was entitled to an instruction relating to the duty of the gas company after receiving notice of the escaping gas.

The Nonnamaker case was cited with approval in Appel, supra. In Appel, notice of escaping gas had been given to the defendant gas company on numerous occasions and after the defendant's service men made their investigation they advised plaintiffs that "everything was alright". One of the alleged grounds of negligence was that after the defendant gas company was advised of the leaks it failed to turn off the gas until the necessary repairs could be made. Plaintiff recovered judgment in the trial court and on appeal the gas company contended that one of the vital issues in the case was whether it had notice of the escaping gas and the trial court did not submit that in its instructions. After discussing the facts relating to notice, we said:

"Instruction No. 12 advised the jury that where a distributor of gas to the public controls its own apparatus for cutting off the gas when notified that gas is escaping into a house, owes the duty to the occupants of said residence to exercise reasonable diligence to cut off the gas from said building.

"Instruction No. 13 advised the jury that where notice is given of escaping gas in a house the gas company is under a duty to make proper inspection to determine whether or not any dangerous condition exists.

"Defendant's contention that the instructions assume that the company had notice of the leak, and thereby invaded the province of the jury, is wholly without merit."

The facts in Nonnamaker and Appel, supra, are clearly distinguishable from the facts in the case at bar. There, the owners or occupants of the buildings sustained damages by reason of an explosion of escaping gas and the defense of contributory negligence and assumption of risk were not involved. Here, an independent contractor, who had been employed to check for a gas leak and make repairs, sustained injuries and we have already determined that the doctrine of res ipsa loquitur was not applicable and that the trial court did not err in its instructions on contributory negligence and the assumption of risk.

Plaintiff did not allege that it was the duty of the gas company to shut off the gas after it had notice of the leak and ONG was negligent in failing to shut off the gas. Plaintiff's allegations of negligence were premised on the grounds that ONG negligently failed to discover the leak and repair it. Plaintiff proceeded on this theory. Although plaintiff filed a written request for an instruction relating to ONG's duty to shut off the gas after it had notice of the leak, in discussing the instructions with the trial court, the following appears. Plaintiff's attorney said: "Let the record show that the plaintiff requests that the Court instruct the jury * * * that the gas involved here was a dangerous instrumentality wholly in posses-

sion and control of the defendant; and therefore proof of the explosion in itself raised a presumption of negligence sufficient to cast the burden upon defendant to overcome the presumption to defeat liability." The trial court refused to give this instruction.

Thereafter, plaintiff's attorney said: "Another instruction is that the explosion of the gas of the defendant standing alone is a sufficient presumption of negligence to establish a prima facie case in favor of plaintiff". The trial court then asked plaintiff's attorney if that was the substances of his requested instructions and the attorney said "yes".

In the case at bar the jury was instructed that " * * * gas is an inherently dangerous instrumentality, and a company handling such instrumentality is required to use a high degree of care and diligence in order that no injury may be occasioned therefrom. By high degree of care is meant that care or diligence usually exercised by persons under like or similar circumstances, as in keeping with the dangerous nature of the commodity handled."

In Bellevue Gas & Oil Co. v. Carr, 61 Okl. 290, 161 P. 203, the court quoted with approval 12 R.C.L. § 46, pg. 905, wherein it is stated:

> " 'It is a well-established rule that a higher degree of care and vigilance is required in dealing with a dangerous agency than in the ordinary affairs of life or business which involve little or no risk of injury to persons or property, and in view of the highly dangerous character of gas and its tendency to escape, a gas company must use a degree of care to prevent the escape of gas from its pipes commensurate to the danger which it is its duty to avoid, and if it fails to exercise this degree of care and injury results therefrom, the company is liable, provided the person suffering the injury either in person or in property is free from contributory negligence. While no absolute standard of duty can be prescribed, it has been held

that every reasonable precaution suggested by experience and the known danger of the escape of gas ought to be taken. * * *.' "

In our opinion the trial court's instruction was sufficient to apprise the jury of the duty owed by ONG to plaintiff and the trial court did not err in refusing to give an instruction that it was the duty of ONG to shut off the gas after it had notice of the leak.

Certiorari granted; Decision of Court of Appeals reversed; and Judgment of the trial court affirmed.

All the Justices concur.