### TRIPLETT v. ALABAMA POWER CO.
(7 Div. 533.)

(Supreme Court of Alabama. April 9, 1925. Rehearing Denied May 21, 1925.)

Gas ⚖️18—Gas company not liable on statement of employee connecting gas heater that it was all right.

Though employee of gas company connected service pipe with heater, lit same, and stated that it was all right, company *held* not liable for injuries from asphyxiation resulting from defect in heater, in absence of showing of special duty in defendant's employee to examine heater with view of determining its defects.

Appeal from Circuit Court, Calhoun County; S. W. Tate, Judge.

Action for damages by J. D. Triplett against the Alabama Power Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Rutherford Lapsley, of Anniston, for appellant.

Declarations of defendant's foreman, at the time of installing gas for use of plaintiff, are admissible as res gestæ of the transaction. 1 Greenleaf on Evi. (16th Ed.) 108; L. & N. v. Landers, 135 Ala. 504, 33 So. 482; B. R., L. & P. Co. v. Mullen, 138 Ala. 614, 35 So. 701; Travelers' Ins. Co. v. Whitman, 202 Ala. 338, 80 So. 470; B. M. R. Co. v. T. C. I. Co., 127 Ala. 137, 28 So. 679. Where the utility company assumes the duty of inspecting the equipment, and assures plaintiff it is all right, injury proximately resulting is chargeable to defendant. Parker v. Hodgson, 172 Ala. 632, 55 So. 818; 20 Cyc. 1170; 12 R. C. L. 909; 32 L. R. A. (N. S.) 815; Ann. Cas. 1914C, 349; B. R., L. & P. Co. v. Murphy, 2 Ala. App. 588, 56 So. 817; Sou. Bell v. McTyer, 137 Ala. 601, 34 So. 1020, 97 Am. St. Rep. 62; A. G. S. v. Crocker, 131 Ala. 584, 31 So. 561.

Knox, Acker, Sterne & Liles, of Anniston, for appellee.

Where a consumer of gas or electricity installs his own appliances, the utility company is under no duty to inspect them, but has the right to assume they are safe, and is not liable unless it continues to supply gas or current with knowledge of a defect.

Ala. Power Co. v. Jones, 212 Ala. 206, 101 So. 898; Fickeison v. Wheeling Elec. Co., 67 W. Va. 335, 67 S. E. 788, 27 L. R. A. (N. S.) 893; Pressley v. Bloomington Co., 271 Ill. 622, 111 N. E. 511; Scott v. Rome R. & L. Co., 22 Ga. App. 474, 96 S. E. 569; Byrd v. Pine Bluff Corp., 102 Ark. 631, 145 S. W. 562; Minneapolis G. E. Co. v. Cronon, 166 F. 651, 92 C. C. A. 345, 20 L. R. A. (N. S.) 816.

SAYRE, J. Plaintiff, who appeals, claimed to have suffered injury, to have been temporarily asphyxiated with resulting injuries of a more permanent character, by the escape of carbon monoxide gas from a so-called instantaneous heater in his bathroom. There was no evidence that the gas furnished by defendant was negligently or unscientifically constituted as to its chemical elements, no evidence of negligence or irregularity in the pressure which carried it into plaintiff's bathroom. Responsibility is sought to be fastened on defendant by reason of the fact that its employee, sent to make a connection between defendant's main or service pipe and plaintiff's heater—including the pipe in plaintiff's house—after the connection had been made and after lighting the gas and turning on the water, said to plaintiff, "It is all right, go ahead and use it"; or rather, to state the case with more accurate reference to the record, plaintiff offered to show by himself and another witness that defendant's employee, on the occasion and in the circumstances mentioned, some weeks prior to plaintiff's alleged injury, used language of that import in speaking to plaintiff. The trial court refused to hear the evidence as to what defendant's employee said to plaintiff, and in the end gave the general affirmative charge on defendant's request.

Plaintiff's misfortune is attributed by him to the alleged fact that by reason of some defect in the heater—probably the lack of a proper vent leading to the outer air—poisonous products of imperfect combustion, or maybe parts of the gas supplied, escaped into the bathroom with consequences of which he complains.

Evidence introduced by plaintiff, and not contradicted, went to show that, prior to the time of plaintiff's injury, the heater and its connections within the house had been installed by a contractor with whom defendant had no connection whatever. Defendant's business upon the premises was to make a connection between the heater (and its pipe) and its own main, or service pipe leading out to its main, so that plaintiff's heater might be supplied with gas. Defendant's employee "looked at the heater," as he needed to do when he lighted the gas and turned on the water, but there is no evidence that he examined it with a view to ascertaining whether it was defective in

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

itself or had been defectively installed, or, if he did so examine it, that he had authority from defendant so to do, or that in so doing he was acting within the line and scope of his employment. From the undisputed evidence, no proper inference can be drawn that defendant's employee had authority to do more than ascertain if the connection made by him permitted the proper flow of gas. If he used language as plaintiff offered to show, there appears in the evidence no reason for holding defendant responsible for it. If plaintiff's misfortune—we assume that he was asphyxiated as he says he was, though there was expert medical testimony to the contrary—was caused by a defect in the heater or by its defective installation, by, for instance, the omission of a proper vent, that was a matter between plaintiff and the contractor who installed the heater, a matter for which defendant had no responsibility. These conclusions are in accord with authorities which have had occasion to consider the matter. They are to the effect that defendant in such cases is not under duty, unless employed for that purpose, to inspect pipes or fixtures which are placed in the dwelling by its customer or his contractors over whom defendant has no control, and that the furnisher of gas in such cases is warranted in assuming that the interior system of pipes is sufficiently secure to permit the gas to be introduced with safety. 28 C. J. p. 594, § 59, where many cases are cited. The rule may be different when the party furnishing gas knows that the interior arrangements are dangerously defective; but in this case there is no evidence sufficient to warrant a conclusion of such knowledge. This court has not heretofore had this question for decision, but Alabama Power Co. v. Jones (Ala. Sup.) 101 So. 898 [1]—a case dealing with responsibility where electricity is furnished for lighting—affords a close analogy in support of the conclusion we have reached.

The motion for a new trial involved nothing new or different. Our opinion is that the evidence was properly excluded, and the general charge for defendant properly given.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

