JAMES J. CALDWELL, ADMINISTRATOR OF THE ESTATE OF FLORENCE C. BURROUGHS, DECEASED, v. H. D. MORRISON AND J. M. McMANUS, TRADING AS MOR-MAC MOTOR COURT, AND RULANE GAS COMPANY, A CORPORATION.

(Filed 19 May, 1954.)

**1. Gas § 2—**

Allegations to the effect that a liquefied petroleum gas company installed gas heating equipment at a motor court and supplied gas for the heaters, and that plaintiff's intestate, while a guest at the motor court, was killed by monoxide poisoning, without allegation that such installation was improperly or defectively made or that the material was defective or faulty, or that the appliances installed were defective or unsuited for their intended use, or allegations of contractual duty to repair, *held* insufficient to charge the gas company with the duty to inspect the equipment and heaters and keep them in proper repair, or to state a cause of action for negligence.

**2. Same—**

Allegations to the effect that defendant liquefied petroleum gas company installed in a motor court room a heater of such capacity and supplied it with gas at such pressure that it was capable of exhausting the oxygen in the room to the extent that the occupant thereof might suffer carbon monoxide poisoning, and that plaintiff's intestate while a guest in the room died as a result of carbon monoxide poisoning, *held* insufficient to allege that the heater was unsuitable for use in the room where it was installed, or that defendant gas company supplied the heater with gas at an improper pressure, so as to allege actionable negligence in these respects.

APPEAL by the defendant Rulane Gas Company from *Hubbard, Special Judge,* November Extra Civil Term, 1953, of MECKLENBURG.

This is a civil action instituted by James J. Caldwell, administrator of the estate of Florence C. Burroughs, in which he seeks to recover damages for the wrongful death of his intestate. The pertinent paragraphs of the complaint are as follows:

"7. On Monday night, March 10, 1952, at about 8 P. M., the plaintiff's intestate, accompanied by her husband, Clinton J. Burroughs, became a guest at the Mor-Mac Motor Court, and they were assigned to Room No. 8 in said Motor Court.

"8. Room No. 8 was furnished with a heater which burned liquified petroleum gas, the gas for same being supplied by the defendant, Rulane Gas Company, of Charlotte, N. C., through a central storage tank and a

system of connecting pipes, said Rulane Gas Company having installed the heater in question and the storage tank and pipes supplying it.

"9. The plaintiff's intestate and her husband were shown to their room by the defendant H. D. Morrison, then in charge of the Mor-Mac Motor Court; the said H. D. Morrison, upon admitting the plaintiff's intestate and her husband to their room, which was about 12 feet long and 10 feet wide, did not make any adjustment of the windows or ventilation in the room and did not give the plaintiff's intestate or her husband any instructions concerning the use or operation of the gas heater which was then burning in the room.

"12. Shortly after midnight of Tuesday, March 11, 1952, in the early hours of Wednesday, March 12, 1952, the lifeless body of the plaintiff's intestate was found in Room No. 8 by certain persons who broke into the room through a window.

"13. The plaintiff is informed and believes, and so alleges, that his intestate met her death from carbon monoxide poisoning as a result of improper combustion in the gas heater in Room No. 8, to which she had been assigned as a guest of the Mor-Mac Motor Court.

"14. The death of the plaintiff's intestate was due to, caused and occasioned by, and followed as a direct and proximate result of the joint and concurrent negligence of the defendants H. D. Morrison and J. M. McManus, partners trading as Mor-Mac Motor Court, and the agents and servants of the defendant Rulane Gas Company of Charlotte, N. C., acting in the scope of their employment, in that:

(Sub-paragraphs (a) through (d) do not apply to appellant.)

"(e) The gas heater in the room where the plaintiff's intestate died and the tanks, pipes and connections supplying gas to the heater, and the liquified petroleum gas which was supplied to said heater, were all instrumentalities under the exclusive supervision and control of the defendants, H. D. Morrison and J. M. McManus, trading as Mor-Mac Motor Court, and the defendant, Rulane Gas Company; said instrumentalities caused the death of the plaintiff's intestate;

"(f) The defendant Rulane Gas Company of Charlotte, N. C., installed the heaters, pipes, connections and gas storage tank at Mor-Mac Motor Court approximately one year prior to the death of the plaintiff's intestate, retaining title to the storage tank and leasing it to Mor-Mac Motor Court, and thereafter negligently failed to make any inspections or tests to ascertain whether the gas heating system so installed remained safe for use by guests of the Mor-Mac Motor Courts;

"(g) The defendant Rulane Gas Company negligently installed a gas burning heater in said Room No. 8 of such capacity and supplied it with gas at such pressure that it was capable of exhausting the oxygen in said room to the extent that occupants of said room might suffer carbon mon-

oxide poisoning from improper combustion of the heater, thereby creating an inherently dangerous condition of which it gave the plaintiff's intestate no warning."

The appellant filed a demurrer to the complaint in the court below on the ground that it does not state facts sufficient to constitute a cause of action against it, in that:

1. The facts alleged in the complaint do not show any negligence on its part; and

2. If any negligence is alleged against this defendant, the facts alleged in the complaint do not show that such negligence was the proximate cause or one of the proximate causes of the injury to, and the death of, the plaintiff's intestate.

His Honor overruled the demurrer and the Rulane Gas Company, a corporation, appeals, assigning error.

*Bell, Horn, Bradley & Gebhardt for plaintiff, appellee.*
*Covington & Lobdell for defendant, appellant.*

DENNY, J. We think this appeal turns on the answers given to the following questions: (1) Was it the duty of the appellant, under the facts alleged, to inspect the gas pipes, and heaters of its customer, the Mor-Mac Motor Court, and to keep them in proper repair? (2) Where one installed a gas heater of *such capacity,* and supplied it with gas at *such pressure,* that it was *capable of exhausting the oxygen* in the room to the extent that the occupants thereof *might suffer* carbon monoxide poisoning from improper combustion of the heater, did such conduct, standing alone, constitute actionable negligence? In our opinion the answer to each of these questions must be in the negative.

In considering the allegations of the complaint we note that the plaintiff does not allege that the installation of the heaters, pipes, connections, and gas storage tank at Mor-Mac Motor Court, approximately one year prior to the death of plaintiff's intestate, was done in a negligent or defective manner, or that any of the material or equipment used was unsuitable for its intended use or that it was defective. On the other hand, it is alleged that after such installation was made the appellant negligently failed to make any inspections or tests to ascertain whether the gas heating system installed *remained safe* for use by guests of the Motor Court. We do not think this allegation can be interpreted as alleging that the heating equipment was unsafe for use by the guests of the Motor Court when it was installed. Moreover, the allegation with respect to the retention of title by the appellant to the storage tank and its use by the Motor Court implies that the remainder of the heating equipment did not belong to the appellant but to the Motor Court. Consequently, failure on the

part of the appellant to inspect the equipment thereafter would not constitute negligence on its part unless it was charged with the duty to inspect such equipment and to keep it in repair, and the complaint does not allege that the Rulane Gas Company was charged with such duty.

The mere fact that the appellant installed the pipes and appliances on the premises of the Motor Court for the owners thereof, in the absence of an allegation to the effect that such installation was improperly or defectively made, or that the material was defective or faulty, or that the appliances installed were defective or unsuitable for their intended use, would not be sufficient to fix the appellant with the duty to inspect and keep such equipment in repair. *Bryson v. Atlanta Gas Light Co.* (U.S.C.A. 5th Cir.), 170 F. 2d 91.

Ordinarily, where gas lines and appliances are installed on private property, in the absence of notice of a leaky or defective condition therein, the supplier of gas is under no duty to inspect such lines and appliances and to keep them in repair, in the absence of a contract to do so. 38 C.J.S., Gas, section 42 (d), page 735, *et seq.; Wilson v. East Gas Co.,* 68 Ohio App. 490, 42 N.E. 2d 180; *Ray v. Pacific Gas & Electric Co.,* 3 Cal. App. 2d 329, 39 P. 2d 812; *Bryson v. Atlanta Gas Light Co., supra.*

The complaint contains no allegation to the effect that the appliances were out of order at the time plaintiff's intestate met her death, or that the appellant had been notified that the equipment was in a defective condition. It is merely alleged that approximately one year prior to the death of plaintiff's intestate, the appellant installed a "gas burning heater in Room No. 8 of *such capacity* and supplied it with gas at *such pressure* that it was *capable of exhausting the oxygen* in said room to the extent that occupants of said room *might suffer* carbon monoxide poisoning from improper combustion of the heater, thereby creating an inherently dangerous condition of which it gave the plaintiff's intestate no warning." (Emphasis added.) These allegations would seem to fall short of alleging that the appellant installed a heater which was unsuitable for use in the room where it was installed or that it supplied the heater with gas at an improper pressure, thereby creating the condition which was the proximate cause or one of the proximate causes of the death of plaintiff's intestate.

In our opinion, the allegations of the complaint are insufficient to withstand the demurrer.

The cases of *Graham v. North Carolina Butane Gas Co.,* 231 N.C. 680, 58 S.E. 2d 757; *Rulane Gas Co. v. Montgomery Ward & Co.,* 231 N.C. 270, 56 S.E. 2d 689, and similar cases relied on by the appellee, are not controlling on the question presented on this appeal.

The ruling of the court below is

Reversed.