# GLADYS D. BELLEFUIL v. WILLMAR GAS COMPANY, INC.[1]

November 5, 1954.

No. 36,222.

[1]Reported in 66 N. W. (2d) 779.

124

*Freeman, Larson & Peterson, Thomas J. Burke,* and *Charles A. Oberg,* for appellant.

*Meagher, Geer, Markham & Anderson, O. C. Adamson II,* and *David W. Nord,* for respondent.

MATSON, JUSTICE.

Plaintiff in a wrongful death action appeals from a judgment in favor of defendant.

On May 16, 1948, Albin R. Bellefuil was fatally injured as a result of an explosion of an automatic gas water heater in his home. The defendant, Willmar Gas Co., Inc., supplied the gas for the heater but did not own, control, or install it. In October of 1947 the pilot light on the automatic water heater went out. This failure of the pilot light was reported to the defendant. However, before the defendant's serviceman arrived, plaintiff turned off the gas supply, aired out the cellar, and relighted the pilot light with a match. At least a week after the complaint had been made, a serviceman of the

defendant arrived to adjust the pilot light. Between the time of the complaints which were reported to the defendant in October 1947 and April 1948, the pilot light was found unlighted a couple of times. A strong odor of gas attended each failure of the pilot light, but there is no showing that such odor was ever reported to the defendant gas company.

In April of 1948 the pilot light went out again and was relighted by the plaintiff. Within a few days thereafter, plaintiff and her husband went to the office of the defendant and notified an employee to send someone to look at the heater because the pilot light would not stay lighted. The defendant's employee told the plaintiff and her husband that somebody would be sent to look at the water heater although the servicemen were "pretty busy" then.

On the morning of May 16, 1948, the plaintiff's husband went to the cellar to ascertain why there was no hot water available. Shortly after her husband had descended the stairway to the cellar, plaintiff was thrown out of bed by the force of an explosion which damaged the house and fatally injured her husband.

An expert who testified for the defendant gave his opinion that the explosion was caused by gas escaping from the main burner of the heater which was caused by the failure of an automatic shutoff valve to close after the pilot light went out. He also testified that the explosion in question could not have been caused by the unlighted pilot light. There is no evidence in the record to contradict this testimony.

The case was submitted to the jury which found in favor of the plaintiff, but the defendant was granted judgment notwithstanding the verdict.

The issue arising on this appeal is whether a gas company can be found negligent for failure to investigate or shut off the gas supply where the company was notified that a pilot light on a customer's hot water heater would not stay lighted, although the explosion was caused by gas escaping because of the failure of an automatic shutoff device.

■ A company engaged in the distribution of gas is dealing with a substance which is highly dangerous if allowed to escape.[2] In spite of this fact, the law has not made gas companies insurers for personal injuries and property damages resulting from the escape of gas.[3] In order to hold a gas company liable for defects in a customer's appliance the plaintiff must prove that the cause of the injury was escaping gas, that such gas belonged to the defendant gas company, that it escaped through the negligence of the gas company, that it accumulated in the place where the injury occurred, and that the defendant's negligence proximately caused the injury.[4]

■ In the present case the only question arising on this appeal is whether the defendant gas company can be found negligent under the facts stated herein. A distributor of gas must exercise a degree of care to prevent the escape of gas proportionate to the danger which it is its duty to avoid.[5]

■ With respect to gas appliances in a customer's building which are not installed, owned, or controlled by the gas company, a gas company has no duty to make periodic inspections to ascertain the safety of such appliances in the absence of some contract, custom, or statutory obligation.[6] The company can act upon the assumption, in the absence of notice to the contrary, that the customer's appliances are in repair so as to permit the transmission of

[2]Manning v. St. Paul Gaslight Co. 129 Minn. 55, 151 N. W. 423, L. R. A. 1915E, 1022.

[3]See, Clay v. Butane Gas Corp. 151 Neb. 876, 39 N. W. (2d) 813; Schmeer v. Gas Light Co. 147 N. Y. 529, 42 N. E. 202, 30 L. R. A. 653.

[4]Cleveland Gas Co. v. Woolen, 30 Tenn. App. 282, 205 S. W. (2d) 754; 38 C. J. S., Gas, § 47c.

[5]Manning v. St. Paul Gaslight Co. 129 Minn. 55, 151 N. W. 423, L. R. A. 1915E, 1022; Seward v. Natural Gas Co. 8 N. J. 45, 83 A. (2d) 716; 24 Am. Jur., Gas Companies, § 24.

[6]Wilson v. East Ohio Gas Co. 68 Ohio App. 490, 42 N. E. (2d) 180; Clare v. Bond County Gas Co. 356 Ill. 241, 190 N. E. 278; Lewis v. Southern California Gas Co. 92 Cal. App. 670, 268 P. 930; Triplett v. Alabama Power Co. 213 Ala. 190, 104 So. 248. See, House v. Wichita Gas Co. 137 Kan. 332, 20 P. (2d) 479, re duty of company furnishing appliances.

gas therein with safety.[7] In the absence of a contrary showing, it is the responsibility of the customer to maintain and repair his appliances.[8] If, however, a gas company acquires, or ought reasonably to have acquired, knowledge of a dangerous condition, it is its duty to shut off the gas until the customer has his pipes, connections, and appliances properly repaired.[9]

Thus, when the plaintiff's husband reported to the gas company that the pilot light would not stay lighted and that, if someone wasn't sent up to look at it, he would have to take the heater out, he reported a condition which it was his responsibility to have repaired in the absence of a showing that the gas company had assumed that responsibility. Since the plaintiff made no such showing, we find that plaintiff was responsible for the repair of the defective pilot light and did not shift his responsibility to the defendant gas company merely because of the notification.

■ The rule with respect to leaks from appliances of a customer has been stated as follows:

"A gas company is guilty of negligence if a leak in a customer's pipes and appliances causes injury to persons or property, provided the company has sufficient notice of such leak or leaks, and having such notice (a) negligently inspects or negligently repairs; (b) agrees and assumes to inspect and repair, and then fails to do so; (c) *refuses to inspect and repair, knowing a dangerous condition exists, and with such knowledge fails to shut off its gas until the owner can have his pipes and appliances properly repaired.*"[10]

---

[7]Graham v. North Carolina Butane Gas Co. 231 N. C. 680, 58 S. E. (2d) 757, 17 A. L. R. (2d) 881; Reid v. Westchester Lighting Co. 236 N. Y. 322, 140 N. E. 712, 29 A. L. R. 1247.

[8]Jelf v. Cottonwood Falls Gas Co. 162 Kan. 713, 178 P. (2d) 992; Okmulgee Gas Co. v. Kelly, 105 Okl. 189, 232 P. 428.

[9]See, Jelf v. Cottonwood Falls Gas Co. *supra.*

[10]Miller v. Wichita Gas Co. 139 Kan. 729, 732, 33 P. (2d) 130, 132. See, also, Milligan v. Georgia Power Co. 68 Ga. App. 269, 22 S. E. (2d) 662. Company undertaking adjustments of burners may be liable if done improperly. See, Hilson v. Pacific Gas & Elec. Co. 131 Cal. App. 427, 21 P. (2d) 662.

The plaintiff relies on the last portion of the rule for his theory of recovery. Nevertheless, plaintiff did not show that her husband or anyone else gave the defendant notice that gas was leaking or notice of the existence of a condition reasonably indicative of the danger of a gas leakage. *The only notice relied upon by plaintiff is that given when her husband told the gas company that the pilot light would not stay lighted and that, if someone was not sent to look at it, he would have to take it out.* Thus plaintiff cannot recover on the law as stated in Miller v. Wichita Gas Co. 139 Kan. 729, 33 P. (2d) 130. Notice of escaping gas points to some defect that should be attended to; whereas, notice of a defective pilot light does not of itself point to some other defect which is dangerous.

■ The rule expressed in Miller v. Wichita Gas Co. *supra,* is too narrow if it is construed to require actual notice of a gas leak before a gas company can be held liable for damages resulting from gas escaping from appliances of a customer. We adopt instead the more reasonable rule that whenever a gas company is in possession of facts that would suggest to a person of ordinary care and prudence that an appliance of a customer is leaking or is otherwise unsafe for the transportation of gas, the company has a duty to investigate, as a person of ordinary care and prudence similarly situated and handling such a dangerous substance would do, before it continues to furnish additional gas.[11] The duty to exercise reasonable diligence to inspect or shut off the gas supply is measured by the likelihood of injury.[12] Circumstances may be such as to require a gas company to investigate immediately and shut off the gas supply

[11]24 Am. Jur., Gas Companies, § 32. See, also, Stephany v. Equitable Gas Co. 347 Pa. 110, 31 A. (2d) 523; Lane v. Community Natural Gas Co. 133 Tex. 128, 123 S. W. (2d) 639; Reeder v. Western Gas & Power Co. 42 Wash. (2d) 542, 256 P. (2d) 825.

[12]Consolidated Gas Co. v. Crocker, 82 Md. 113, 33 A. 423, 31 L. R. A. 785; Nonnamaker v. Kay County Gas Co. 123 Okl. 274, 253 P. 296; Clay v. Butane Gas Corp. 151 Neb. 876, 39 N. W. (2d) 813.

until repairs are made.[13] The nature of the notice may also affect the extent of inspection necessary.[14]

In Conway v. Philadelphia Gas Works Co. 336 Pa. 11, 13, 7 A. (2d) 326, 327, the gas company was notified that "there was a difficulty with the water heater" and "to send someone over to fix it." The court held that the notice was insufficient to give rise to a duty of the gas company to shut off the gas supply.

In Cleveland Gas Co. v. Woolen, 30 Tenn. App. 282, 205 S. W. (2d) 754, the plaintiff has a water heater without an automatic shutoff.[15] Thus, whenever the pilot light went out, the gas escaped unless it was relighted. The gas company was familiar with this heater and knew of its dangerous potentialities. The company was held liable for the damages resulting from the escaping gas.

In the instant case, however, the water heater contained an automatic shutoff device. The gas company had a right to rely upon its proper operation in the absence of notice that it was defective or that gas was escaping from somewhere. As we have stated previously the plaintiff notified defendant that the pilot light would not stay lighted. The gas company had no duty to repair it according to the evidence in the record. Furthermore, the evidence in the record shows that an unlighted pilot light is not dangerous in itself. This evidence is not contradicted in any way. We do not hold that a gas company may be absolved of its duty to inspect or shut off the supply of gas whenever the consumer has incorrectly specified the location of the defect. But the duty, by reason of actual or constructive notice of some dangerous condition, must arise before the gas company can be found negligent for its failure to inspect or shut off the gas supply. Thus, limiting the holding in this case to the evidence in the record, we find that the defendant gas company could not be found negligent for failure to inspect or shut off the

[13]See, McClure v. Hoopeston Gas & Elec. Co. 303 Ill. 89, 135 N. E. 43, 25 A. L. R. 250.

[14]See, Booker v. Kansas Power & Light Co. 167 Kan. 327, 205 P. (2d) 984.

[15]See, Seward v. Natural Gas Co. 11 N. J. Super. 144, 78 A. (2d) 129, reversed, 8 N. J. 45, 83 A. (2d) 716.

gas supply under the circumstances set forth by the record herein. The order of the trial court is affirmed.

Affirmed.

---

[1]Reported in 66 N. W. (2d) 790.