KATHRYN P. SHEPARD v. RHEEM MANUFACTURING COMPANY, PIEDMONT NATURAL GAS COMPANY, INC., AND ERVIN CONSTRUCTION COMPANY, INC.

(Filed 29 January, 1960.)

1. **Gas § 1— Complaint held to allege cause of action against construction company for negligence in installation of gas water heater.**

    Allegations that a construction company constructed a house in which it installed a gas water heater, that the construction company assured the prospective purchaser that such heater was absolutely safe, that it knew, or should have known in the exercise of due care, that the heater was not equipped with an automatic safety device to shut off the gas in the event of failure of the main burner to ignite, and that it installed such heater in a closed utility room without providing certain minimum ventilation openings in accordance with well established installation procedures, that plaintiff thereafter purchased the house and was injured in an explosion proximately resulting from the alleged negligence, *are held* to state a cause of action against the construction company.

2. **Gas § 2— Complaint held to state cause of action for negligence of gas company in continuing to furnish gas after knowledge of dangerous conditions.**

    Allegations to the effect that a gas company in turning its gas into the system of lines and appliances in plaintiff's house, went to the utility room and adjusted the controls and lighted the burners on the gas water heater therein installed, and some four months later again went to the premises at the request of the plaintiff to adjust the controls on the gas water heater, that the gas company in making the adjustments saw

or should have seen that the heater was not equipped with an automatic safety device and that the utility room was not constructed with the minimum ventilation openings in accordance with well established installation procedures, and negligently continued to furnish gas into plaintiff's house without giving warning as to the danger, *are held* sufficient to state a cause of action against the gas company for injury sustained by plaintiff in an explosion allegedly proximately resulting from such negligence.

·HIGGINS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Sharp, Special J.,* April 6, 1959 Extra Civil Term, of MECKLENBURG.

Civil action to recover for personal injuries sustained by plaintiff allegedly from actionable negligence of defendant Rheem Manufacturing Company, concurred in by defendants Ervin Construction Company and Piedmont Natural Gas Company, heard upon separate demurrers of Ervin Construction Company and of Piedmont Natural Gas Company, Inc., both of which were sustained. Plaintiff appeals to Supreme Court and assigns error.

*Blakeney, Alexander & Machen, Hedrick & McKnight for plaintiff, appellant.*

*Kennedy, Covington, Lobdell and Hickman, Mark R. Bernstein for Piedmont Natural Gas Company, appellee.*

*McDougle, Ervin, Horack & Snepp, Helms, Mullis, McMillan & Johnston for Ervin Construction Company, appellee.*

WINBORNE, C. J.: Plaintiff in brief on her appeal (1) as to demurrer of defendant Ervin says: "By its written demurrer Ervin Construction Company, Inc., one of the three defendants in this action, challenges the sufficiency of the complaint to state a cause of action as to it, and, the demurrer having been sustained by judgment of the court below, the facts of the case for purposes of this appeal are those well pleaded in the complaint."

They are briefly summarized as follows: That Ervin Construction Company, a developer, builder and seller of residential properties, submitted to the plaintiff and her husband plans and specifications for a home which it proposed to erect on a lot owned by it in Charlotte, North Carolina, and offered to build the home in a workmanlike manner according to said plans and specifications and upon its completion, to sell and convey the home to the plaintiff and her husband; that the specifications called for the installation of a gas water heater, and during the negotiations Ervin Construction Company gave

repeated assurances to the plaintiff and her husband that the proposed system for heating water by natural gas would be absolutely safe for use in the home as proposed by it.

It is alleged that the plaintiff and her husband then agreed to purchase the dwelling upon its completion, and, in reliance upon Ervin's representations of complete safety, agreed to the installation therein of an automatic gas water heater.

That during construction, the defendant erected as a part of the house a small utility room and installed therein an automatic gas water heater which it knew, or in the exercise of due care under the circumstances should have known, was not equipped with an automatic safety device which would shut off the supply of raw gas to the burners in the event of a failure of the main burner to ignite or in the event of an extinguishment of the pilot light. And that, although the defendant thus knew or should have known that gas was liable to escape from said heater, and that although proper and well established installation procedures require that closed rooms, wherein gas water heaters are to be installed, be provided with certain minimum ventilation openings, (specifically described in the allegations of the complaint), the defendant negligently failed to provide any ventilation in said room to prevent the accumulation therein of unburned gas.

And that after it had created this dangerous condition on the premises, Ervin Construction Company sold and conveyed the house to the plaintiff, who was subsequently injured in an explosion of natural gas that had accumulated in the utility room as a direct result of the Construction Company's negligence.

Plaintiff in treating of the demurrer of Ervin Construction Company contends, and rightly so, that the Ervin Construction Company as vendor of the house would be and is liable as the contractor who was in exclusive charge of the building of the house.

And with respect to the assurances of safety Ervin Construction Company is alleged to have given to the plaintiff and her husband, they tend to show that the Construction Company incurred a more positive duty of care by giving such assurances.

In this connection plaintiff calls attention to North Carolina cases which it contends make this abundantly clear. For example, it is said: "If a seller, not knowing or caring whether his representations are true or false, goes so far as to represent that the article sold is safe for a certain use, while it is imminently dangerous when put to that use, he is liable for negligence." *Dalrymple v. Sinkoe,* 230 N.C. 453,

53 S.E. 2d 437. See also *Rulane Gas Co. v. Montgomery Ward,* 231 N.C. 270, 56 S.E. 2d 689.

Now (2) as to demurrer of defendant Piedmont Natural Gas Company, plaintiff says: "By written demurrer Piedmont Natural Gas Company, Inc., one of the three defendants in this action, challenged the sufficiency of the complaint to state a cause of action as to it, and on April 8, 1959, judgment was entered by the court sustaining that demurrer: On April 17, 1959, the plaintiff's motion for leave to file an amendment to the complaint against this defendant was granted, and accordingly the complaint was amended. On the same day Piedmont Natural Gas Company, Inc., demurred *ore tenus* to the amended complaint, and the order entered by the court sustaining this demurrer *ore tenus* is subject of this appeal."

Accordingly, the facts of the case for purposes of this appeal are the facts well pleaded in the complaint. They may be briefly summarized as follows: During the Fall of 1955, the defendant Ervin Construction Company, Inc., erected a house which the plaintiff and her husband agreed to purchase upon completion. As a part of the home, that defendant built a small utility room and installed therein an automatic gas water heater which was not equipped with an automatic safety device that would shut off the supply of raw gas to the burners in the event of a failure of the main burner to ignite or in the event of an extinguishment of the pilot light. Although proper and well established installation procedures require that closed rooms, wherein gas water heaters are to be installed, be provided with certain minimum ventilation openings (specifically described in the allegations of the complaint), the construction company negligently failed to provide any ventilation in said room to prevent the accumulation therein of unburned gas. After this dangerous condition had been created upon the premises, the plaintiff and her husband, who had no experience or special knowledge of their own concerning safety devices or gas water heaters or any skill, knowledge or experience concerning proper installation procedures for such appliances with respect to ventilation, purchased said home and thereafter used it as their residence.

At some time prior to the conveyance, but after the dangerous condition had been created on the premises by the construction company, application was made to the defendant gas company for service connections which shortly thereafter were made.

On or about the time the plaintiff moved into the dwelling, Piedmont Natural Gas Company went upon the premises and turned its gas into the system of gas lines and appliances in the house, and on

that occasion went into the utility room where it adjusted the controls and lighted the burners on the gas water heater. Some two to four months later, the gas company again went upon the premises at the request of the plaintiff and her husband to adjust the control on the gas water heater and again went into said utility room and made such adjustments.

Although on these occasions the gas company saw the imminently and inherently dangerous situation existing in the house, it negligently continued to furnish gas as fuel to the plaintiff without giving any warning as to said danger. Later, the plaintiff was seriously injured in an explosion of natural gas that had accumulated in the utility room as a direct result of the negligence of the defendants.

Plaintiff, in treating of the demurrer of Piedmont Natural Gas Company, says that it may be conceded that as a basic general rule a gas company has no duty to inspect pipes and appliances owned by and under the exclusive control of a customer prior to turning its gas into the customer's system, or to maintain a schedule of periodic inspections thereafter; however, there is a well established exception to the rule which clearly applies to this case under the allegations of the complaint as amended.

In *Graham v. North Carolina Butane Gas Co.*, 231 N.C. 680, 58 S. E. 2d 757, this Court said: "Where a gas company, which is engaged in supplying gas to a customer's building, becomes aware that such gas is escaping from the gas fixtures on the premises into the building, it becomes the duty of the gas company to shut off the gas supply until the further escape of gas from the fixtures can be prevented, even though the fixtures do not belong to the company and are not in its charge or custody. If the gas company continues to transfer gas to the fixtures on the premises after it learns that the gas is escaping therefrom, it does so at its own risk, and becomes liable for any injury proximately resulting from its act in so doing."

Accordingly it would seem that accepting as true the allegations of the complaint as amended, a cause of action is stated as to defendant Piedmont Natural Gas Company.

It may be noted that in this opinion the Court is considering only matters of pleading. What the facts may develop to be on the trial in Superior Court, this Court has and expresses no opinion.

For reasons hereinabove stated the judgments of the court below in sustaining the demurrers of Ervin Construction Company and Piedmont Natural Gas Company are

Reversed.

HIGGINS, J., took no part in the consideration or decision of this case.