267 So.2d 140

**CHILTON BUTANE GAS, INC.,**
a corporation

v.

**Connie MARCUS, a minor, etc.**

**5 Div. 919.**

Supreme Court of Alabama.

Sept. 28, 1972.

Robert S. Lamar, Jr., Ball, Ball & Matthews, Montgomery, for appellant.

Joe G. Burnett, Clanton, Fred Blanton, Birmingham, for appellee.

McCALL, Justice.

This action was brought by Connie Marcus, a minor, suing by her mother and next friend, Barbara Cleckler, for personal injuries suffered by her when the home she shared with her mother and stepfather, Mr. and Mrs. F. H. Cleckler, exploded. The defendant, Chilton Butane Gas, Inc., a corporation, here appeals from a judgment entered on the jury verdict for plaintiff and from the judgment overruling its motion for new trial.

At the time of the accident, January 15, 1969, the home which six-year-old Connie Marcus shared with the Clecklers was equipped with a small space heater. The heater had been obtained from her mother's family. Mr. Cleckler installed it himself. This included the making of all connections of a pipe, with fittings, between the propane gas tank in the yard and the

heater. There were two valves which controlled the flow of gas to the heater, one located inside the house at the heater, the other outside on the 120 gallon gas tank which supplied the heater. If either of these valves were in the "off" position, gas would have been unable to flow from the tank into the house.

The space heater had been left burning through the night, and, during the early morning hours of January 15, it went out. Efforts to relight the heater were to no avail. All members of the family left the house sometime after 6:00 a.m. in the pursuit of their daily activities, and shortly thereafter Mrs. Cleckler called defendant, Chilton Butane Gas, Inc. She told the secretary with whom she spoke that she was out of gas, requested that 100 gallons of gas be delivered before she got home from work, and further informed the secretary that no one would be at home.

Pursuant to this order, Sam Davis, an employee of defendant, delivered 95 gallons of propane gas into the Cleckler's tank during the day of January 15. Although on a previous delivery the gas company had shut the gas off by use of the valve at the tank and had left a note to this effect, on the date here in question Davis neither shut off the flow of gas into the home by use of the valve nor gave notice of such failure.

The Clecklers and Connie returned home about 6:00 p.m. Mrs. Cleckler, assuming that the gas had been delivered, struck a match to light the space heater. This ignited the propane gas which had accumulated in the room and caused the explosion in which plaintiff suffered the injuries which are the subject of this litigation.

When the premises were examined after the explosion, it was discovered that both the valve at the tank and the one located inside the house at the heater were in the "on" position.

At the trial of the case, the opinion was expressed by an inspector for the Alabama L. P. Gas Board that it would be unsafe for a liquefied petroleum deliveryman not to cut the gas off at the tank when making a delivery with the knowledge that the tank was empty and that no one was at home.

Appellant's first assignment of error asserts that the trial court erred in overruling defendant's demurrer to the complaint as last amended. The gravamen of the complaint is defendant's negligent delivery of gas to the Cleckler home, with resultant injury to plaintiff or, in the explicit language of the complaint as last amended:

"* * * that the Defendant negligently failed to stop the flow of the propane gas so delivered into the home of Plaintiff and negligently failed in any manner to give notice that such propane gas had been delivered and was present in the said 120 gallon propane gas tank without the flow of gas into the home of the Plaintiff being stopped by the turning of the cut-off · valve which was present on the said 120-gallon propane gas tank at said time and said place. * * *"

In an action grounded in negligence, it is necessary to aver a duty owed by defendant to plaintiff, a breach of that duty, and injury to the plaintiff as a proximate result of the breach. Gilbert v. Louis Pizitz Dry Goods Co., 237 Ala. 249, 186 So. 179. A general averment of negligence, or breach of duty, is sufficient, but a cause of action is not stated unless facts are averred which show the existence of a duty on defendant's part to act, arising out of the relation of the parties. Ramsey v. Sentell Oil Co., 280 Ala. 475, 195 So.2d 527; Thompson-Hayward Chemical Co. v. Childress, 277 Ala. 285, 169 So.2d 305; Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 So. 933; Western Ry. of Alabama v. McGraw, 183 Ala. 220, 62 So. 772. Thus, merely alleging that a given act was negligence or was negligently done, without more, is not sufficient to state a cause of action. Alabama Power Co. v. King, 280 Ala. 119, 190 So.2d 674. On the other hand, when a complaint goes beyond a gen-

eral averment of negligence and specifies particular acts as constituting the negligence on which the action is founded, the complaint is insufficient on demurrer unless such acts themselves amount to negligence. Thompson v. White, 274 Ala. 413, 149 So.2d 797; City Ice Delivery Co. v. Goode, 228 Ala. 648, 154 So. 775.

In determining whether the complaint states a cause of action, we must determine whether defendant's failure to stop the flow of gas into the Cleckler house and its failure to notify the Clecklers of this omission was, in fact, the breach of some duty it owed plaintiff. We have found no case previously decided by this court which is addressed to this precise question. However, our search for a solution to the problem has been aided by a study of the law relating to suppliers of gas generally and of an analogous line of cases.

■ Those dealing with dangerous commodities, such as liquefied petroleum gas, must use a degree of care commensurate with the dangers involved; this degree of care is the same degree of care and vigilance which persons of skill and prudence observe under like conditions. Hall v. Dexter Gas Co., 277 Ala. 360, 170 So.2d 796; Graham v. North Carolina Butane Gas Co., 231 N.C. 680, 58 S.E.2d 757. This principle was expressed in the following language in 38 C.J.S. Gas § 38, p. 726:

> "The obligation resting on a gas company requires the exercise of ordinary care and prudence in the construction of its works and in the conduct of its entire business, so as not to endanger life and property. Thus employees of a gas company entering on the premises of another on business of the company are bound to use due care to avoid injuring the owner who is entitled to rely on the use of such care. * * *"

■ The general rule, above stated, requiring the use of ordinary care and diligence on the part of a gas company, is applicable to its delivery of gas into the residence or other building of a consumer.

Doxstater v. Northwest Cities Gas Co., 65 Idaho 814, 154 P.2d 498; Graham v. North Carolina Butane Gas Co., 231 N.C. 680, 58 S.E.2d 757; 38 C.J.S. Gas § 42, p. 735. But even though one who supplies and delivers liquefied petroleum gas is held to a duty of due care, he is not made an insurer. Instead, he may rely upon the reasonable anticipation that one who has ordered a delivery of gas to his premises will himself exercise care to prepare the premises for the safe receipt and use of the gas.

There is wide agreement among authorities with respect to the scope of the duties of a supplier of gas. The following excerpts are illustrative of numerous authorities to a like result:

> "* * * Accordingly, the rule has been laid down that, in the absence of any fact on which to base an inference of duty, the failure of a gas company, on introducing gas into a dwelling on application, to inspect pipes or fixtures which were placed therein by the owner and over which the company has no control, is not negligence. The company is warranted in assuming that the interior system of pipes is sufficiently secure to permit the gas to be introduced with safety, and is not liable for injuries caused by leaks therein of which it had no knowledge. To render the company liable in such cases there must be facts alleged to show notice of defects, or facts from which an inference of duty to inspect arises either from contract, custom, or franchise. * * *" 38 C.J.S. Gas § 42, p. 736.

> "* * * [Authorities on the question] are to the effect that defendant in such cases is not under duty, unless employed for that purpose, to inspect pipes or fixtures which are placed in the dwelling by its customer or his contractors over whom defendant has no control, and that *the furnisher of gas* in such cases *is warranted in assuming that the interior system of pipes is sufficiently secure to permit the gas to be introduced with safety.* 28 C.J. p. 594, § 59, where many cases are cited. The rule may be different when the party fur-

nishing gas knows that the interior arrangments are dangerously defective; but in this case there is no evidence sufficient to warrant a conclusion of such knowledge. * * *" Triplett v. Alabama Power Co., 213 Ala. 190, 191, 104 So. 248, 249. (Emphasis supplied.)

"But, while a distributor of gas must exercise a high degree of care to see that no person is harmed in its distribution and while under its control, such responsibility is limited to the time the gas is in the company's own pipes, or containers, unless it has been allowed to escape, or having escaped, has created a dangerous hazard, known or which should have been known to a distributor, who has neglected to remedy the condition. * * *

"* * * The owner or occupant of the premises is obliged to keep the pipe lines and equipment in repair or notify the company of their defective condition, otherwise the company is not liable for negligence. * * *" Doxstater v. Northwest Cities Gas Co., 65 Idaho 814, 827–828, 154 P.2d 498, 504.

"'* * * But the duty, by reason of actual or constructive notice of some dangerous condition, must arise before the gas company can be found negligent for its failure to inspect or shut off the gas supply.'" Wilson v. Home Gas Co., 267 Minn. 162, 173, 125 N.W.2d 725, 733.

"One applying for gas is charged with the duty of keeping in good order the instrumentalities through which the gas is to be used, and which are under his control, such as appliances and pipes in the house, and the service line, and is required to use the appliances provided to shut off the gas, or to control the pressure, especially in times of emergency * * *." 38 C.J.S. Gas § 44, pp. 741–742.

See Graham v. North Carolina Butane Gas Co., 231 N.C. 680, 58 S.E.2d 757, for a concise summary of these principles. Comparable principles have been applied to a supplier of electricity. City of Decatur v. Parham, 268 Ala. 585, 109 So.2d 692; Alabama Power Co. v. Jones, 212 Ala. 206, 101 So. 898.

If a consumer of liquefied petroleum gas is under the above specified duties to maintain his premises and appliances in a manner which is safe for receipt and use of the gas, we can in good conscience see no reason he would not also be under a duty to maintain similarly safe conditions by his own conduct, such as his manipulation of or handling of those appliances. Pursuant to this duty, we feel that it is clearly the responsibility of a consumer who has ordered a delivery of gas to shut off valves on any gas appliances through which the gas might escape into his premises and create a hazardous condition.

In the instant case, it is averred that defendant breached its duty to safely deliver gas by failing to turn off the valve at the tank and by omitting to warn the Clecklers of this failure. The complaint makes no allegation of any knowledge on the part of defendant of conduct by any occupant of the house, such as that the Clecklers had left the valve inside the house on the heater in the "on" position, which would raise in defendant a duty to shut off the valve at the gas tank. In the absence of such knowledge, we think that defendant had a right to rely on the presumption that the Clecklers, who had specifically requested a delivery of gas on a day when they knew no one would be at home, had met their duty to prepare the house, gas appliances, and valves therein for the safe receipt of the gas. We are therefore of the opinion that defendant's failure to shut off the valve on the tank, without more, does not constitute a breach of any duty it owed to plaintiff.

For error in overruling defendant's demurrer to the complaint as last amended, the judgment of the trial court should be reversed.

Reversed and remanded.

MERRILL, COLEMAN, HARWOOD, BLOODWORTH and SOMERVILLE, JJ., concur.

**298**

HEFLIN, C. J., and MADDOX, J., dissent.

MADDOX, Justice (dissenting).

The majority holds that the amended complaint[1] fails to state a cause of action and that the demurrer should have been sustained. I must respectfully disagree. I believe the pleading here is as specific as the complaint this Court held was sufficient in Alabama Power Co. v. Talmadge, 207 Ala. 86, 93 So. 548 (1921), appeal dismissed 259 U.S. 575, 42 S.Ct. 463, 66 L.Ed. 1071, a case involving a charge that the Alabama Power Company had negligently allowed gas to be transmitted into a home. The amended complaint here shows that the plaintiff's stepfather purchased 95 gallons of propane gas from the defendant, that the defendant delivered the gas to a tank located near the house, that there was a cut-off valve on the tank and that the defendant negligently failed to cut the gas off and failed to give notice that the gas had been delivered and that the tank cut-off valve was not closed.

Even though Alabama does not now have a simplified procedure for pleading, I believe that our statutes [Tit. 7, § 212, Code, 1940, Recompiled 1958] and case law are to the effect that the amended complaint here was sufficient. In this Court's early case of Leach v. Bush, 57 Ala. 145 (1876), it was said:

"Pleadings are statements of the facts involved in the issue, and need not contain the evidence which supports them. They 'must be as brief as is consistent with perspicuity, and the presentation of the facts or matter to be put in issue in an intelligible form; no objection can be allowed for defect of form, if facts are so presented that a material issue in law or fact can be taken by the adverse party thereon.'—Revised Code, § 2629. They must not be 'unnecessarily prolix, irrelevant, or frivolous,' and if so, 'may be stricken out at the cost of the party so pleading.'—Revised Code, § 2630. The forms given in the Revised Code, p. 673, are samples of brevity, furnished by the legislature itself. When the gravamen of the action is the alleged nonfeasance or misfeasance of another, as a general rule, it is sufficient if the complaint aver facts out of which the duty to act springs, and that the defendant negligently failed to do and perform, &c.; not necessary to define the quo modo, or to specify the particular acts of diligence he should have employed in the performance of such duty. What the defendant did, and how he did it, and what he failed to do, are generally better

1. "Plaintiff, Connie Marcus, a minor suing by her mother and next friend, Barbara Ann Cleckler, claims * * * damages for that heretofore on, to wit: January 15, 1969, the Defendant went to the home where Plaintiff lived located approximately three-fourths a mile west of Jemison, and in Chilton County, Alabama, and Defendant at said time and said place delivered to wit: 95 gallons of propane gas, which was purchased by her step-father, Fate Herbert Cleckler, and/or her mother, Barbara Ann Cleckler, and agreed by Defendant to be delivered in a 120-gallon propane gas tank situated 5 feet from Plaintiff's house and connected to said house by a pipe leading from said tank to said residence. Plaintiff avers that at the time and place of the delivery of propane gas as hereinabove set out that the Defendant negligently failed to stop the flow of the propane gas so delivered into the home of Plaintiff and negligently failed in any manner to give notice that such propane gas had been delivered and was present in the said 120 gallon propane gas tank without the flow of gas into the home of the Plaintiff being stopped by the turning of the cut-off valve which was present on the said 120-gallon propane gas tank at said time and said place. And Plaintiff avers that she entered the home hereinabove described with her brother, Dale Marcus, and her mother, Barbara Ann Cleckler, at to wit: 7 p. m., January 15, 1969; that at said time and said place Plaintiff's mother, Barbara Ann Cleckler, struck a match which ignited the propane gas the Defendant has negligently allowed to enter her home at the time and place and in the manner hereinabove set out and thereby injuring Plaintiff * * *."

known to the defendant than to the plaintiff; and hence it is that in such cases, a general form of averment is sufficient.—1 Chit.Pl. 336."

Furthermore, since I think the amended complaint avers sufficient facts to show a duty on the part of the defendant to exercise ordinary care and prudence in the conduct of its business so as not to endanger life and property, I think that any error in failing to sustain the demurrer of the defendant would be error without injury.

This Court has held in Western Ry. of Ala. v. Brown, 280 Ala. 543, 196 So.2d 392 (1967):

"We do not hold that the complaint is not defective on some or all of the grounds urged by defendant. Even if the court erred in overruling the demurrer, however, we must review the ruling in light of the rule that overruling a demurrer to a count is not always reversible error. The rule is that if there is some defect of averment in the complaint and the court has erred in holding such pleading good, nevertheless, if there is evidence of the matter so omitted and both parties try the issue as though such allegation were made, and the court instructs the jury that such matters must be proven, and both parties have full opportunity to offer and do offer all the evidence they wish on that issue, we will not reverse the judgment for the error in such rule on the pleading. Turner v. Blanton, 277 Ala. 536, 540, 173 So.2d 80, and authorities there cited. The error in overruling the demurrer must be held as cured by the clear instructions requiring proof of the omitted allegation. Southern Ry. Co. v. Dickson, 211 Ala. 481, 485, 100 So. 665. There are circumstances, however, when the rule will not apply, as, for example, when the complaint does not state a cause of action without the matter which was omitted. Thompson-Hayward Chemical Co. v. Childress, 277 Ala. 285, 291, 169 So.2d 305; City of Mobile v. McClure, 221 Ala. 51, 53, 127 So. 832."

The majority opinion shows that an inspector for the Alabama L. P. Gas Board testified at the trial that, in his opinion, it would be unsafe for a liquefied petroleum deliveryman not to cut off the gas at the tank when making a delivery with the knowledge that the tank was empty and that no one was at home.

I do not think that the plaintiff is required to set out all the evidence in the pleadings. Having alleged that the defendant undertook to supply, pursuant to a contract of sale, a product which this Court judicially knows to be explosive, I think those facts standing alone raised a duty on the part of the defendant to exercise ordinary care and prudence in the conduct of its business so as not to endanger life and property. I believe that a general allegation that the defendant negligently failed to do or perform would be sufficient, because "what the defendant did, and how he did it, and what he failed to do, are generally better known to the defendant than to the plaintiff." Leach v. Bush, supra.

The majority puts much emphasis on the case of Triplett v. Alabama Power Co., 213 Ala. 190, 104 So. 248 (1925). There, the jury returned a verdict for the *defendant,* after the Court had given the affirmative charge to the defendant. It is interesting to get the original record in the case, however, and read plaintiff's pleadings, to which defendant's demurrer was overruled. The pleadings in *Triplett* are no more specific than the pleadings here, in my judgment, and yet the trial court in *Triplett,* overruled a demurrer of the defendant which is strikingly similar to the demurrer which the majority holds to be sufficient in the case here.

I have no quarrel with the *Triplett* case, however. Under the facts of that case, where the evidence showed that the defendant had *no knowledge* of the defect in the heater inside the house, I believe that this Court correctly decided the case on the principle of law there announced that the furnisher of gas is warranted in assuming that the interior system of pipes is suffi-

ciently secure to permit the gas to be introduced with safety. But I fail to see how a case concerning a defective *interior system* has application to this case. The plaintiff does not seek to impose liability on the defendant for failing to check inside the house to see if all the valves are off, but says that since the defendant knew the tank was empty and that no one was at home, that the defendant should have turned off the gas *at the tank*. An expert witness, who conducts inspections for the Alabama L. P. Gas Board which regulates the activities of L. P. gas dealers said that the defendant's failure to turn off the gas at the tank, under the circumstances, was "unsafe." In view of all these circumstances, as shown by the record, I would affirm the judgment of the lower court

HEFLIN, C. J., concurs.